UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
UNITED STATES OF AMERICA,                                             :
                                                                      :
                        -v-                                           :
                                                                      :        04 Cr. 1158 (JPC)
SAMMY GIL,                                                            :
                                                                      :            ORDER
                                 Defendant.                           :
                                                                      :
----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 28, 2006, Defendant Sammy Gil was sentenced by the Honorable Barbara S. Jones

principally to a term of sixty months' imprisonment, followed by four years of supervised release.

Dkt. 126.  Gil's conviction followed his guilty plea on October 3, 2005 to both counts of a

Superseding Information, which charged him with conspiracy to distribute and possess with intent

to distribute five grams and more of mixtures and substances containing cocaine base, in violation

of 21 U.S.C. § 846, and conspiracy to engage in unlawful firearms trafficking, in violation of 18

U.S.C. 18 U.S.C. § 371.  Dkt. 84; *see* Dkt. 73 (Superseding Information).  This case was reassigned

to the undersigned on June 30, 2023.  Dkt. 183.

Also on June 30, 2023, a filing from Gil, titled "Notice of Motion in Support of Sealing

Pursuant to CPL § 160.59," was docketed in this case.  Dkt. 182.  This filing included an affidavit

from Gil, which appears to be a New York State form for individuals to seek sealing of state

convictions pursuant to New York Criminal Procedure Law section 160.59.  *Id.* at 3-4.  In the

section for the affiant to identify the records requested to be sealed, Gil wrote: "1:04-CR-01158-

BSJ-10" and wrote the court name of "Southern District of New York."  *Id.* at 4.  Construing Gil's

*pro se* submission "liberally[,] . . . reading [the] submission[] to raise the strongest arguments [it]

suggest[s]," *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), the Court construes Gil's submission as a motion to seal the filings on the docket in this case as it pertains to him, notwithstanding section 160.59's articulation of procedures to seek sealing of state, not federal, criminal records.

On July 26, 2023, the Government opposed Gil's motion.  Dkt. 186.  The Court authorized Gil to file a reply in support of his motion by August 21, 2023.  Dkt. 187 at 3.  While no reply has been filed on the docket, Gil sent a letter to the Honorable Laura T. Swain, Chief United States District Judge, dated August 21, 2023, reiterating his sealing request and asking the Court to inform him whether any further information was required in support of his motion.  Dkt. 188.

No federal statutory basis exists for the relief that Gil seeks.  *See United States v. Rosen*, 343 F. Supp. 804, 807 (S.D.N.Y. 1972) (noting the lack of a federal statute that authorizes courts to expunge criminal records); *cf.* 18 U.S.C. § 3607(c) (providing for limited sealing of cases in which juveniles were charged with misdemeanor drug possession).  Federal courts do possess the inherent power to order expungement of arrest records, a power which "lies within the equitable discretion of the court," but such relief "usually is granted only in 'extreme circumstances.'" *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1997) (quoting *Rosen*, 343 F. Supp. at 807); *accord United States v. Rodrigue*, No. 81 Cr. 342 (LTS), 2023 WL 2043393, at *1 (S.D.N.Y. Feb. 16, 2023) (explaining that district judges in this Circuit have "a continuing source of authority to assert ancillary jurisdiction over motions to expunge records of arrests only" (citing *Doe v. United States*, 833 F.3d 192, 196-98 (2d Cir. 2016)); *see United States v. Ariyo*, No. 18 Cr. 725 (ALC), 2021 WL 857308, at *1-2 (S.D.N.Y. Mar. 8, 2021) (denying a motion for expungement of records of a deferred prosecution agreement for lack of jurisdiction).  Thus, while Gil appears to seek

sealing of the entire docket of this case, the Court only has jurisdiction to consider his request to the extent he seeks to have his arrest record sealed.

The Second Circuit has emphasized that "courts must be cognizant that the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.'"  *Schnitzer*, 567 F.2d at 539-40 (quoting *United States v. Linn*, 513 F.2d 925, 927 (10th Cir.), *cert. denied*, 423 U.S. 836 (1975)).  The Second Circuit in *Schnitzer* provided examples of circumstances when the equities may weigh in favor of expungement of arrest records:

> Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible; where the court determined the sole purpose of the arrests was to harass civil rights workers; where the police misused the police records to the detriment of the defendant; or where the arrest was proper but was based on a statute later declared unconstitutional.

*Schnitzer*, 567 F.2d at 540 (internal citations omitted); *accord Vargas v. United States*, No. 17 Misc. 809 (MKB), 2017 WL 3381868, at *2 (E.D.N.Y. Aug. 4, 2017) (citing *Schnitzer*, 567 F.2d at 540).  Courts have also found expungement to be appropriate when the prior arrest was not based on probable cause.  *See United States v. Lau*, No. 94 Mag. 1682 (LAP), 2003 WL 22698810, at *2 (S.D.N.Y. Nov. 14, 2003) (collecting cases).  In exercising this discretion, district courts must perform a "delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties."  *Schnitzer*, 567 F.2d at 539.

Gil has failed to present extreme circumstances that justify sealing his arrest record in this case.  Gil was not acquitted of the charges.  To the contrary, he was convicted of two extremely serious felonies for conspiring to distribute cocaine base and for conspiring to illegally traffic firearms.  The only information submitted by Gil in support of sealing is a  letter from his employer,

3

which praises Gil as a "valuable" employee who has made "significant contributions" to the company and recommends Gil for future employment opportunities.  Dkt. 182 at 5.  Gil's success in securing stable employment, while laudable, is insufficient to warrant expungement.  Similarly, "adverse effects on subsequent employment" do not suffice for expungement.  *Rodrigue*, 2023 WL 2043393, at *3.  Nor has Gil provided any other possible basis for expungement.

Gil's motion therefore is denied in its entirety.  The Clerk of the Court is respectfully directed to close the motion at Docket Number 182.

SO ORDERED.

Dated: October 26, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge